UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB C. BRIER,

    Plaintiff,

    v.                                                         CAUSE NO. 3:25-CV-398-HAB-ALT

ARAMARK CORRECTIONAL
SERVICES, et al.,

    Defendants.

OPINION AND ORDER

Jacob C. Brier, a prisoner without a lawyer, filed a complaint about regularly being served spoiled food when he was incarcerated at Westville Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When Brier was housed in the Westville Control Unit, from February 2024 through April 2025, he alleges that he regularly received spoiled food and moldy bread. During this time, Brier alleges that he was forced to consume rotten food, causing him stomach pain, vomiting, diarrhea, nausea, and chest pain. Brier indicates that the taco

meat, which was served regularly, was particularly problematic. He indicates it is labeled "not for human consumption" and there is a warning affixed to the package indicating that it "may cause cancer." ECF 1 at 3.

Brier asserts that Ms. Moody, the lead kitchen worker, is aware of the problems with spoiled food. When Brier is able to speak with Ms. Moody, she indicates that they are working on a solution, but no changes were made, and the problems persisted for many months. Brier indicates that at times the whole pod becomes sick at once. There are allegedly constant complaints from him and other inmates about the rotten and moldy food.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food to meet their nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Brier plausibly alleges that his nutritional needs were not being met. He states a claim against Ms. Moody, the head worker in Westville's kitchen. It can be plausibly inferred that the Aramark Supervisor assigned to Westville Correctional Facility was also aware of the problems, and so Brier will be granted leave to proceed against this individual too, although their name is unknown at this time. The Warden of Westville Correctional Facility will be added as a defendant for the sole purpose of identifying the supervisor in charge from February 2024 through April 2025.

Similarly, Brier has plausibly alleged a claim against Aramark Correctional Services under the doctrine announced in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). As a private company performing the state function of providing food to prisoners, Aramark may be held liable under § 1983 if the corporation had an unconstitutional policy or custom that was the "moving force" behind the constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021). "In order to succeed on a *Monell* claim, a plaintiff must ultimately prove three elements: (1) an action pursuant to a municipal [or corporate] policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning the municipal [or corporate] action was the 'moving force' behind the constitutional injury." *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020). Here, Brier's allegation that spoiled food was regularly served for several months is sufficient to allege that there was a "widespread practice" of providing constitutionally inadequate meals to the point that it can be considered a custom or practice attributable to Aramark.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant only for the purpose of identifying the unknown Aramark Supervisor assigned to Westville Correctional Facility from February 2024 through April 2025;

(2) GRANTS Jacob C. Brier leave to proceed against Ms. Moody and the Aramark Supervisor in charge at Westville Correctional Facility from February 2024 through April 2025, in their individual capacities for compensatory and punitive damages for deliberate indifference to Brier's right to nutritionally adequate food from February 2024, through April 2025 at the Westville Control Unit, in violation of the Eighth Amendment;

(3) GRANTS Jacob C. Brier leave to proceed against Aramark Corporation in its official capacity for monetary damages for a policy of providing rotten and moldy food, resulting in Brier becoming ill repeatedly and receiving inadequate nutrition from February 2024 through April 2025, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. Moody at Aramark, with a copy of this order and the complaint (ECF 1);

(6) WAIVES the Warden of Westville Correctional Facility's obligation to file an answer to the complaint;

(7) ORDERS the Warden of Westville Correctional Facility to appear and identify the unknown Aramark Supervisor assigned to Westville Correctional Facility from February 2024 through April 2025 by or before **December 29, 2025**, or show cause why he is unable to do so; and

(8) ORDERS Aramark to provide the full name, date of birth, and last known home address of any defendant who does not waive service, if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Moody and Aramark Correctional Services to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2025.

s/ Holly A Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT